**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-cv-01074-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court for review of Petitioner Eric Davis's response to this Court's July 28, 2025 order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as time-barred. After reviewing and considering Petitioner's response, the Court has determined to dismiss this action without further proceedings. The Court will not issue a certificate of appealability.

### I. Background

On December 6, 2022, Petitioner pleaded guilty to a one-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). *United States v. Davis*, No. 4:21-cr-00363-JAR (E.D. Mo. 2021). On April 10, 2023, the Court sentenced him to serve 96 months in prison, to be followed by 2 years of supervised release. *Id.* Petitioner did not appeal. He is currently incarcerated at USP Canaan in Waymart, Pennsylvania.

Petitioner commenced this action by submitting a handwritten motion dated "7-9-2024" to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1 at 2). The matter was subsequently transferred to this Court and docketed on July 14, 2025. It appeared

that Petitioner's use of the date "2024" was a typographical error. The envelope containing the motion bore a July 12, 2025 postal cancellation stamp. *Id.* at 3. Petitioner provided no declaration or statement indicating the date he placed the motion in his institution's internal mailing system or whether first-class postage was prepaid, as set forth in Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. However, the Court gave Petitioner the benefit of the doubt and deemed the original motion filed as of July 9, 2025.

In the original motion, Petitioner claimed that a presidential executive order identified as number 14206 rendered the above judgment unconstitutional. He argued that because of that executive order, "all firearm and ammunition cases must now be dismissed and all convictions for it are no longer good." (ECF No. 1 at 1). In its July 28, 2025 order, the Court explained that the motion was not timely under 28 U.S.C. § 2255(f)(1), and there was no authority for the proposition that the motion could be considered timely under any other provision of section 2255 based on the presidential executive order. The Court directed Petitioner to show cause why this action should not be dismissed.

In response, Petitioner filed an amended Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 6). He again cites the presidential executive order, and claims it "gives relief to individuals convicted/sentenced under Title 18 U.S.C. § 922(g)(1)." *Id.* at 4. He also claims he had a Second Amendment right to carry a handgun despite his status as a felon, and is entitled to relief pursuant to the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). He states his sentence should be vacated and he should be released from prison.

**II. Discussion**

2

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court must examine a motion filed pursuant to 28 U.S.C. § 2255, and summarily dismiss it if it plainly appears that the petitioner is not entitled to relief. Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period that runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner was sentenced on April 10, 2023, and he did not appeal. Accordingly, judgment became final for purposes of § 2255(f)(1) fourteen days later, on April 24, 2023. According to section 2255(f)(1), Petitioner had one year from that date to seek relief under section 2255, but did not do so until July 9, 2025, more than 2 years later.

In Petitioner's amended motion, he again cites the presidential executive order and claims it renders his conviction and sentence unconstitutional. However, Petitioner does not cite, and the Court is not aware, of any authority for the proposition that such executive order renders his motion timely under any provision of section 2255(f). Petitioner also cites the Supreme Court's June 23, 2022 decision in *Bruen*, and claims it renders his conviction and sentence

3

unconstitutional. However, *Bruen* does not provide Petitioner a basis for relief, *see United States v. Jackson,* 110 F.4th 1120, 1125 (8th Cir. 2024), and even if it did, Petitioner's deadline to seek section 2255 relief under *Bruen*—June 23, 2023—passed before he filed the original motion. Petitioner makes other statements in his amended motion, but focuses on why he believes his conviction and sentence are unconstitutional. He makes no discernible attempt to show he is entitled to equitable tolling.

Having thoroughly reviewed and carefully considered Petitioner's response, the Court concludes it provides no basis to conclude that Petitioner timely filed this action or that his untimeliness should be excused. The Court will therefore dismiss this action pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to grant a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). Petitioner has made no such showing here, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Davis's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED** and this action is **DISMISSED**. A separate order of dismissal will accompany this order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 16th day of September, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE